**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FINLO CORPORATION, | ) | Case No. 26-40890-can11 |
| | ) | Chapter 11 |
| DEBTOR. | ) | |

**EMERGENCY MOTION FOR APPROVAL OF PRELIMINARY ORDER
PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR.  PROC.  4001
CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING
FOR ADEQUATE PROTECTION AND RELATED MATTERS**

COMES NOW FINLO Corporation, Debtor and Debtor-in-Possession herein, by and through counsel, Colin N. Gotham of Evans & Mullinix, P.A., moves the Court for entry of a preliminary order authorizing the Debtor's use of cash collateral.  In support hereof, the Debtor presents the following.

1. The Debtor filed its Petition for Relief under Chapter 11, Subchapter V, of the Bankruptcy Code on May 19, 2026.

2. The Debtor has remained in possession of the property of its estate as a Debtor-In-Possession.

3. The Debtor has been operating a Larks Entertainment franchise since September 2024.  The business provides patrons with access to shuffleboard courts for an hourly fee and hosts weekly shuffleboard leagues.  The Debtor also offers food and drink along with an arcade.  The Debtor suffered cash flow problems shortly after opening. To survive this difficult period, the Debtor borrowed funds from some "merchant cash advance" lenders and has not been able to control its accounts due to daily withdrawals.

4. The Debtor can operate and pay creditors provided it has control of its bank accounts and cash flow.

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and § 1334. The venue is proper pursuant to 28 U.S.C. § 1408 and § 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Debtor files this Motion and requests relief herein pursuant to 11 U.S.C. § 363(c)(2).

1

4905-3563-8957, v. 1

6. At the time of filing, the Debtor had bank account balances of approximately $3,150.00.

7. There are four (4) open liens filed, and they are attached as follows:

   a. Exhibit 1, filed 3/13/2024, alleged Secured Party with the name of Pathward, National Association, pursuant to a UCC filing in the State of Texas.

   b. Exhibit 2, filed 2/21/2025, alleged Secured Party with the name of WebBank pursuant to a UCC filing in the State of Texas, and a second UCC filed 1/13/2026.

   c. Exhibit 3, filed 10/22/2025, alleged Secured Party with the name of ASSN Company pursuant to a UCC filing in the State of Texas.

   d. Exhibit 4, filed 5/12/2026, alleged Secured Party with the name of TikTok Capital, Inc., pursuant to a UCC filing in the State of Texas and in the State of Missouri.

8. The Debtor's alleged secured creditors (hereinafter "Creditors") are as follows:

   a. Pathward, National Association – UCC Lien.

   b. WebBank – UCC Lien, however there is no equity to which the lien can attach.

   c. ASSN Company – UCC Lien, however there is no equity to which the lien can attach.

   d. TicTok Capital, Inc. – UCC Lien, however there is no equity to which the lien can attach.

9. While the Debtor has not fully analyzed all the creditors' liens, the Debtor believes that Pathward, NA, holds duly perfected liens on the Debtor's accounts receivable, inventory, and accounts.  The Debtor's cash generated from the collection of pre-petition accounts receivable, accounts, and inventory is "cash collateral" as defined by 11 U.S.C. § 363(a) (hereinafter "Cash Collateral").

10. The Debtor cannot operate its business without the use of its cash collateral.

11. Debtor seeks (i) an interim Order of the Court authorizing it to use Cash Collateral for payment of the normal and necessary expenses of its business, pending an evidentiary hearing, if necessary, if an Objection to the Motion is filed, and (ii) a further Order of the

2

Court authorizing Debtor's continued use of Cash Collateral through October 1, 2026, or until the Plan of Reorganization is Confirmed, whichever is sooner, and reserving to Debtor the right to seek a further extension of such Order.

12. Use of the Cash Collateral is essential to the continued business operations and the reorganization of the Debtor.  Absent authorization to use the Cash Collateral, Debtor will suffer irreparable harm and will be forced to cease its business operations to the detriment of the secured creditors and all other creditors.

13. The Debtor proposes, effective as of the Petition Date, that each of the Creditors is granted replacement security interests in, and liens on, all post-Petition Date acquired property of the Debtor and the Debtor's bankruptcy estate that is the same type of property that the specific creditor holds a pre-petition interest, lien or security interest to the extent of the validity and priority of such interests, liens, or security interests, if any (the "Replacement Liens"). The amount of each of the Replacement Liens shall be up to the amount of any diminution of each of the Creditors' respective collateral positions from the Petition Date.  The priority of the Replacement Liens shall be in the same priority as each of the creditor's pre-petition interests, liens, and security interests in similar property.

14. The Debtor shall not use the Cash Collateral to pay pre-petition interest or principal on any existing indebtedness other than as ordered by the Court.

15. Attached hereto, marked as Exhibit 5, and incorporated by reference as if fully set forth herein is the Debtor's estimated budget of income and expenditures, which should be a reflection of the Debtor's activity through the month of September 2026. The budget confirms that, with the cash on hand, the Debtor is able to cash flow its business operations.

16. The Debtor further proposes paying Pathward an adequate protection payment of $1,667.00 beginning June 30, 2026, and thereafter, until further Order of the Court.

17. The Debtor shall file monthly reports with the Court, which will be available to all creditors through the Court's CM/ECF system or by request to the Debtor's counsel.

18. Attached hereto, marked as Exhibit 6, and incorporated by reference as if fully set forth herein, is the Debtor's proposed Order granting this Motion.

3

4905-3563-8957, v. 1

WHEREFORE, the Debtor prays an Interim Order of the Court authorizing it to use its Cash Collateral for payment of the normal and necessary expenses of its business, according to the attached budget, pending evidentiary hearing; for a further Order of the Court authorizing the Debtor's continued uses of Cash Collateral through October 1, 2026 and reserving to Debtor to seek a further extension of such Order; that in the event of an Objection to said Motion, to set an immediate hearing on the Motion.

Respectfully Submitted:

EVANS & MULLINIX, P.A.

*/s/ Colin N. Gotham*
Colin N. Gotham, KS #19538
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (FAX)
cgotham@emlawkc.com
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

*/s/ Colin N. Gotham*
Colin N. Gotham

4

4905-3563-8957, v. 1