# EXHIBIT 6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

IN RE:                                    )
                                          )
FINLO CORPORATION,                        )          Case No. 26-40890-can11
                                          )
_____Debtor._____    )

### INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(B)

NOW COMES on before this Court the Debtor's Motion for Approval of Preliminary Order Pursuant to 11 U.S.C. 363 and Fed. R. Bankr. P. 4001 Concerning the Use of Cash Collateral and related matters ("Motion").  Due and proper notice with an opportunity to object was served on all creditors and parties in interest.

WHEREUPON, having reviewed the evidence before it, the Court finds as follows:

1.      On May 19, 2026 ("the Petition Date"), FINLO Corporation filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor remains as Debtor-in-Possession.

2.      The Debtor continues to operate its businesses and manage its property as a Debtor-in-Possession.

3.      In the Motion, the Debtor seeks to use property that may constitute the use of cash collateral pursuant to 11 U.S.C. §363.

4.      The Debtor believes that Pathward, holds duly perfected liens on the Debtor's cash collateral.

5.      The Debtor is indebted to Pathward, which asserts a security interest in and liens upon the Debtor's assets, including its accounts, inventory, and equipment ("the Collateral").

6.      The Debtor has no source of income other than from the operation of its businesses and the collection of its accounts.  If the Debtor is not permitted to use cash collateral in the ordinary course of its business, it will be unable to pay its operating and business expenses, thus

1

4912-3117-2781, v. 2

# __EXHIBIT 6__

effectively precluding its orderly reorganization in these Chapter 11 proceedings and causing imminent and irreparable harm to its Bankruptcy Estate.

**NOW, THEREFORE, IT IS HEREBY:**

**ORDERED** that Debtor is granted the use of cash collateral and inventory until _____, 2026, or further Order of the Court.

**IT IS FURTHER ORDERED**, that the Debtors' interim use of Cash is expressly conditioned upon the following:

1. Budget. Without prior approval of the Court, the Debtor shall pay all expenses in the Budget attached as Exhibit 1 when due, including insurance and taxes, and Pathward shall be notified of any failure or inability to do so; provided, however, that the Debtor shall only pay such expenses necessary to prevent irreparable injury to the Debtor's business and bankruptcy estate and shall not pay insiders as that term is defined under Code § 101(31) unless it is for reasonable and customary compensation for services performed as disclosed in Debtor's Budget attached as Exhibit 1.

2. Replacement Liens. Effective as of the Petition Date, Pathward is hereby granted replacement security interests in, and liens on, all post-Petition Date acquired property of the Debtor and the Debtor's bankruptcy estate that is the same type of property that the Pathward holds a pre-petition interest, lien or security interest to the extent of the validity and priority of such interests, liens, or security interests if any (the "Replacement Liens"). The amount of each of the Replacement Lien shall be up to the amount of any diminution of the Pathward's collateral position from the Petition Date. The Replacement Lien does not apply to any Chapter 5 causes of actions.

3. Automatic Perfection. Any Replacement Lien granted hereunder shall be effective and perfected upon the date of entry of this Order without the necessity for the execution or recordation of filings of deeds of trust, mortgages, security agreements, control agreements, pledge

4912-3117-2781, v. 2

# <u>EXHIBIT 6</u>

agreements, financing statements, or similar documents, or the possession or control by Pathward of, or over, any property subject to the Replacement Lien. Pathward, is hereby authorized, but not required, to file or record financing statements or similar instruments in any jurisdiction in order to validate and perfect the Replacement Lien. Any error or omission in such documents shall in no way affect the validity, perfection, or priority of the Replacement Lien.

4. <u>Insurance and Taxes</u>. Debtor shall continue to maintain adequate and sufficient insurance on all its property and assets. The Debtor shall timely file all post-petition tax returns and shall make timely deposits of all post-petition taxes.

5. <u>Adequate Protection</u>. Debtor shall make an adequate protection payment of $1,667.00 to Pathward beginning June 30, 2026, and thereafter, pending further Order of the Court.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Debtor shall be, and hereby is, granted the use of Cash Collateral on the terms and conditions set forth in this Order.

**IT IS FURTHER ORDERED** that nothing contained in this Interim Order shall act as a waiver, release, or final determination of any party's claim to or priority of interest in the Cash Collateral.

**IT IS FURTHER ORDERED** that the provisions of this Order shall be binding upon and inure to the benefit of creditors and Debtor, and their respective successors and assignees (including, without limitation, any Chapter 11 or Chapter 7 Trustee, examiner or other fiduciary hereafter appointed for Debtor or with respect to any of Debtor's property).

**IT IS FURTHER ORDERED** that this Order shall become effective and enforceable upon approval and entry as an Order of the Bankruptcy Court. If any provision of this Order is modified, vacated, or stayed by a subsequent Order of the Court, such modification, vacation, or

4912-3117-2781, v. 2

# **EXHIBIT 6**

stay shall not affect the validity of any obligation or liability incurred pursuant to this Order and prior to the effective date of such modification, vacation, or stay. The lien and claim granted to Pathward under this Order, and the priority thereof, shall be binding (subject to the terms of this Order) on Debtor, its bankruptcy estate, any subsequent trustee or examiner, and all creditors of Debtor.

**IT IS FURTHER ORDERED** that Debtor shall, within three (3) business days after entry of this Interim Order, provide notice of entry of this Interim Order and mail copies of this Interim Order to all creditors listed in the mailing matrix.  Any party that has filed an objection but fails to appear at the hearing shall be deemed to have withdrawn its objection.

**IT IS FURTHER ORDERED** that the Court has scheduled this matter for hearing on _____ _____, 2026, at _____. by telephone conference.  Parties wishing to participate in the conference need to use the call-in number. The toll-free number for Judge _____ is _____. When prompted, enter access code _____. Parties should notify the courtroom deputy of their intent to participate in the conference. _____ can be emailed at _____.  Any Objections or Responses to the Motion must be filed on or before _____, 2026. Parties represented by an attorney shall file electronically at https://ecf.mowb.uscourts.gov.

IT IS FURTHER ORDERED that pro se parties shall mail filings to the United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO 64106.  Pursuant to Local Rule 9013-1D, responses shall address the merits of the motion and, if applicable, set out actions to remedy the particular problem.  The Court will serve such response electronically on the Trustee, debtor's attorney, and all other parties to the case who have registered for electronic filing.  The Debtor shall serve all parties who are not served electronically.

**IT IS SO ORDERED.**

_____

4912-3117-2781, v. 2

# **EXHIBIT 6**

UNITED STATES BANKRUPTCY JUDGE

SUBMITTED AND APPROVED BY:

EVANS & MULLINIX, P.A.

*/s/ Colin N. Gotham*
Colin N. Gotham, KS #19538, MO #52343
7225 Renner Road, Suite 200
Shawnee, KS  66217
(913) 962-8700; (913) 962-8701 (Fax)
cgotham@emlawkc.com
*Attorneys for the Debtor*


JERRY L. JENSEN
ACTING UNITED STATES TRUSTEE

*/s/*
Jill D. Parsons, MO # 49835 / Adam E. Miller, MO #65429
Assistant US Trustee / Trial Attorney
400 East Ninth Street, Room 3440
Kansas City, MO 64106
(816) 512-1940; (816) 512-1967 (Fax)
jill.parsons@usdof.gov / adam.e.miller@usdoj.gov


R. MATTHEW PRICE
UNITED STATES ATTORNEY


By: */s/*
Vanessa C. Kamberis, Illinois Bar No. 6336132
Assistant United States Attorney
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
Vanessa.kamberis@usdoj.gov

5

4912-3117-2781, v. 2

# **<u>EXHIBIT 6</u>**

4912-3117-2781, v. 2